Patrick Bernard Hennessy, Barbara Marie Ross, Best & Flanagan, Minneapolis, MN, for Appellee.

Eric D. Cook, Christina M. Weber, Wilford & Geske, Woodbury, MN, for Appellant.

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Household Industrial Finance Company (Household) appeals from a decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's [1] opinion granting summary judgment in favor of Dwight Lindquist (trustee) in this Chapter 7 bankruptcy case brought by Raymond and Charlotte Vondall (debtors).

In April 2006, the trustee filed a complaint seeking to avoid Household's purported mortgage on debtors' homestead, under 11 U.S.C. §§ 544 and 547, asserting that Household had failed to provide, to subsequent transferees, inquiry notice or constructive notice of the mortgage under the Minnesota Recording Act. Household had recorded the mortgage, but the mortgage as recorded incorrectly identified debtors' property. Upon review of the bankruptcy court's factual findings for clear error, and its legal conclusions de novo, *see In re Vote*, 276 F.3d 1024, 1026 (8th Cir.2002), we find no basis for reversal. We agree with the bankruptcy court's well-reasoned opinion, and accordingly affirm. *See* 8th Cir. R. 47B.

Andrew BELL, individually & on behalf of all others similarly situated; Darrell Blanchard, individually & on behalf of all others similarly situated; Ruby S. Brown, individually & on behalf of all others similarly situated, Plaintiffs–Appellants,

Nenomoshia Carter, individually & on behalf of all others similarly situated; Mary Clarksenior, individually & on behalf of all others similarly situated; Michael Fletcher, Jr., individually & on behalf of all others similarly situated; Charlotte Gordon, individually & on behalf of all others similarly

---

1. The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

situated; Sheila Griffin, individually & on behalf of all others similarly situated; William Guy, individually & on behalf of all others similarly situated; Stella Hopkins, individually & on behalf of all others similarly situated; Sharonda Jefferson, individually & on behalf of all others similarly situated; LaKresha Johnson, individually & on behalf of all others similarly situated, Plaintiffs,

Mary Frances Johnson, individually & on behalf of all others similarly situated; Natasha Johnson, individually & on behalf of all others similarly situated, Plaintiffs–Appellants,

Tamara Jones, individually & on behalf of all others similarly situated, Plaintiff,

Dorothy Long, individually & on behalf of all others similarly situated; Theori Madkins, individually & on behalf of all others similarly situated; Tonya Montgomery, individually & on behalf of all others similarly situated; Shirley Mouton, individually & on behalf of all others similarly situated, Plaintiffs–Appellants,

Birdie Redd, individually & on behalf of all others similarly situated, Plaintiff,

Bobbie Robinson, individually & on behalf of all others similarly situated; Linda Ross, individually & on behalf of all others similarly situated; Nute Sheppard, individually & on behalf of all others similarly situated; Maggie Stilwell, individually & on behalf of all others similarly situated; Annie Taylor, individually & on behalf of all others similarly situated; Annie Taylor, individually & on behalf of all

others similarly situated; Tisher Taylor, individually & on behalf of all others similarly situated, Plaintiffs–Appellants,

Angela Thomas, individually & on behalf of all others similarly situated; Jimmy Trible, individually & on behalf of all others similarly situated, Plaintiffs,

Evelyn White, individually & on behalf of all others similarly situated, Plaintiff–Appellant,

Cynthia Whitehorn, individually & on behalf of all others similarly situated; Steve Whitehorn, individually & on behalf of all others similarly situated, Plaintiffs,

Sheila Williams, individually & on behalf of all others similarly situated, Plaintiff–Appellant,

Cathryn Baugus; Veronica Bogan; Farrah Boyd, Plaintiffs,

Veronica Harris, Plaintiff–Appellant,

Tracie Herron; Renea Junearick, Plaintiffs,

Tawanda Kirby; Shirley McGowan, Plaintiffs–Appellants,

Belinda Milloway, Plaintiff,

Martha Morris; Joyce Moss, Plaintiffs–Appellants,

Ureka Smith; Treece Speed; Lillie Staten; Constance Swanigan; Walter Taylor; Kim Whitted, Plaintiffs,

Iola Williams, Plaintiff–Appellant,

Sherry Wilson, Plaintiff,

Kilticia Burks, Plaintiff–Appellant,

Melissa Lemons; Sherry Thompson; David Gordon, Administrator of Estate of Charlotte Gordon, Plaintiffs,

v.

AMERICAN GREETINGS CORPORATION, Defendant–Appellee.

Nos. 07–2565, 07–2598.

United States Court of Appeals, Eighth Circuit.

Submitted: May 12, 2008.

Filed: May 29, 2008.

Larry J. Steele, Attorney at Law, Walnut Ridge AR, for Plaintiff.

Gregory L. Smith Jr., Owen T. Hill, Stephen X. Munger, Jackson Lewis LLP, Atlanta GA, Paul D. Waddell, Brandon J. Harrison, Barrett & Deacon, P.A., Jonesboro AR, for Defendants.

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

PER CURIAM.

Plaintiff appellants were among over 100 employees of appellee American Greetings Corporation who were fired after it was discovered that they had committed unemployment fraud. Appellants challenge the district court's[1] adverse grant of summary judgment on their age and race discrimination claims brought under the Arkansas Civil Rights Act, the Age Discrimination in Employment Act, Title VII, and 42 U.S.C. § 1981, and its denial of their motion for reconsideration. On cross appeal American Greetings challenges the district court's denial of its motion for sanctions.

After reviewing the record de novo, with the evidence and all reasonable inferences in a light most favorable to appellants, *Doe v. Dep't of Vets. Affairs*, 519 F.3d 456, 460 (8th Cir.2008), we conclude that the district court did not err in granting American Greetings's motion for summary judgment, nor did it abuse its discretion in denying appellants' motion for reconsideration. As noted by the district court, there was no evidence that any similarly situated white employee or employee under the age of 40 who engaged in unemployment fraud was treated differently and, in fact, every employee who was known to have committed unemployment fraud during the investigation period was fired for that fraud. We also conclude that the district court did not abuse its discretion in denying American Greetings's motion for sanctions, *see United States v. Pugh*, 445 F.3d 1066, 1068 (8th Cir.2006) (standard of review). The judgment is affirmed. *See* 8th Cir. R. 47B.

---

1. The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.